UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MARTINO O'BRYANT, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:24-cv-01389-MTS |
| MEINEKE, | ) ) ) |
| Defendant. | ) ) |

## MEMORANDUM AND ORDER

Before the Court is another matter filed by self-represented Plaintiff Martino O'Bryant. He seeks leave to proceed *in forma pauperis*. Doc. [3]. Based on the financial information he provided, the Court will grant the Motion. *See* 28 U.S.C. § 1915(a)(1). But, like his action against Sport's Tutor, Inc., Plaintiff has not established this Court's subject matter jurisdiction over this action. A federal district court must "presume[ ] that a cause lies outside [its] limited jurisdiction," and "the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Plaintiff's current recitation of jurisdiction invoking the Seventh Amendment, for example, is frivolous. *See Access Cap. Invs. Fund Two, L.P. v. Pujol*, 3:15-cv-00312-MMC, 2015 WL 1089329, at *3 (N.D. Cal. Mar. 3, 2015) ("The Seventh Amendment is not jurisdictional—it does not give the federal courts the power to hear cases that do not otherwise fall within their jurisdiction."). The Court will order Plaintiff to show cause why this case should not be dismissed for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

The Court cautions Plaintiff that Federal Rule of Civil Procedure 11(b) allows the Court to sanction a litigant who files claims that are not warranted by existing law or who makes

factual contentions that have no evidentiary support. *See Carmona v. Branstuder*, 68 F.3d 470 (5th Cir. 1995) (per curiam) ("Rule 11 directs the court to impose sanctions against a litigant who signs frivolous or abusive pleadings, and may be imposed on *pro se* litigants."); *Kurkowski v. Volcker*, 819 F.2d 201, 204 (8th Cir. 1987) (noting that while "pro se complaints are read liberally," they "still may be frivolous" under Rule 11). In addition, because Plaintiff has not yet shown that he has stated a non-frivolous claim, the Court will deny Plaintiff's Motion to Appoint Counsel. *See Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Leave to Proceed *in Forma Pauperis*, Doc. [3], is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff must show cause in writing no later than **Monday**, **December 16, 2024**, why this action should not be dismissed for lack of jurisdiction.

**IT IS FINALLY ORDERED** that Plaintiff's Motion for Appointment of Counsel, Doc. [2], is **DENIED**.

Dated this 25th day of November 2024.

_____
MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE